IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00429-PAB

JOHNATHAN HERNANDEZ,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on the complaint [Docket No. 1] filed by plaintiff Johnathan Hernandez. Plaintiff claims that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1, ¶ 5.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."), *abrogated on other grounds by Dart Cherokee Basin*

*Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).  Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings."  *Id.*  Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached.  See *U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiff invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction.  Docket No. 1 at 1, ¶ 5.  Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States."  The facts as presently averred, however, do not provide sufficient information regarding the citizenship of plaintiff or regarding the amount in controversy.

The complaint states that plaintiff "resided" in Colorado.  Docket No. 1 at 1, ¶ 1.  However, domicile, not residency, is determinative of citizenship.  See *Kramer v. Sears Roebuck & Co.*, 1997 WL 141175, at *3 (10th Cir. Mar. 28, 1997) (unpublished).  Moreover, the complaint does not contain allegations from which the Court could infer that the amount in controversy exceeds $75,000.  Plaintiff alleges that he sent a letter to defendant Allstate Fire and Casualty Insurance Company indicating that he incurred

$31,485.72 in medical expenses and suffered $3,599.10 in lost wages. Docket No. 1 at 3, ¶ 24. But plaintiff also alleges that he already recovered $25,000 from the at-fault driver's insurance company. *Id*. at 2-3, ¶¶ 19-21; *see also* Colo. Rev. Stat. §§ 10-4-609(1)(c), 13-21-111.6. Thus, even recovering twice the covered benefit, plaintiff's recovery would be approximately $30,000. Plaintiff provides no basis for his attorney's fees exceeding $45,000. As a result, the information provided by plaintiff is insufficient because it does not allow the Court to independently assess the alleged jurisdictional basis. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted).

For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on March 8, 2018**, plaintiff Johnathan Hernandez shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED February 26, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

3